United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
James and Ida Wray,                                        Case No. 05-66343
                    Debtors.                               Chapter 7
_____/

## Opinion Regarding Motion to Set Aside Order Stripping Down Petitioner's Lien

D.C. Acceptance, LLC has filed a motion to set aside this Court's previous order stripping its lien under 11 U.S.C. § 506. For the reasons stated herein, the motion is granted.

On August 18, 2005, the Wrays filed this case under chapter 13. On October 20, 2005, they filed a motion to strip D.C.'s second mortgage lien on their home and other property, claiming that the first mortgage on their home exceeded its market value. D.C. did not object and the Court entered an order stripping and removing the lien on the Wrays' home.[1] D.C.'s unsecured claim in the chapter 13 case was $7,547.38, but D.C. received nothing on that claim during the chapter 13 case.

In January 2006, the Wrays converted their chapter 13 case to chapter 7. Subsequently, they received a discharge, and the case was closed.

---

1. The Wrays' motion uses the colloquial phrase "strip down" when referring to the relief sought regarding D.C.'s mortgage. The order that their counsel subsequently caused to be entered utilizes the same phraseology:

   IT IS HEREBY ORDERED that the claim of D.C. Acceptance is removed and strip [*sic*] down from debtor's homestead and that said claim, recorded at Liber 40744, Page 1054, mortgages, Wayne County Records, is removed.

   Under § 506(d), the motion should have requested and the order should have simply provided for the avoidance of the mortgage.

In *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S. Ct. 773, 778 (1992), the Supreme Court proscribed lien stripping in chapter 7 cases. The Sixth Circuit has addressed the issue of the effect of conversion on stripped liens in an unpublished opinion which closely matches the facts before the Court. *Liberty Nat'l Bank & Trust Co. of Louisville v. Burba* (*In re Burba*), 1994 WL 709314 (6th Cir. Nov. 10, 1994). *Burba* involved a debtor who, while in chapter 13, had stripped a creditor's lien on an automobile. *Id.* at *1. The Burbas did not complete their chapter 13 but converted to chapter 7. *Id.* The Burbas attempted to redeem the automobile for the remainder of the allowed secured claim as determined while in chapter 13. *Id.* The creditor's position was that the entire claim was due under the contract less the amounts already paid. The Bankruptcy Court and the District Court agreed with the debtors. *Id.* at *2.

The Sixth Circuit reversed finding that while the payments made pursuant to the Chapter 13 plan may reduce the debt, the lien may not be extinguished unless the Chapter 13 plan has been successfully completed. *Id.* at *17 and *12. The court held that "bifurcation of a claim pursuant to § 506(a) and stripping down the lien to the value of the collateral in a Chapter 13 does not survive for redemption purposes upon conversion to Chapter 7." *Id.* at *9. The court found *Dewsnup* controlling, stating that survival of lien stripping in a converted case would do an "end-run around *Dewsnup*." *Id.* at *13. The Sixth Circuit also stated that "the advantages available under Chapter 13 are reserved to the financially rehabilitated debtor who successfully *completes* the Chapter 13 plan and receives a discharge pursuant to 11 U.S.C. § 1328(a)." *Id*. at *17 (emphasis added). The court stated that if the debtors would like to redeem the collateral through § 722, they must pay the lesser of the current value of the collateral or the remainder of the debt. *Id.* at *12.

Accordingly, D.C. Acceptance, LLC's motion to set aside is granted, and the order stripping

the lien of D.C. Acceptance, LLC is set aside.

The Court will enter an appropriate order.

Not For Publication

**Signed on November 28, 2006**

                                                   /s/ Steven Rhodes
                                                  **Steven Rhodes**
                                                  **Chief Bankruptcy Judge**